**Brian K. WINSLOW, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. 3962.**

Supreme Court of Alaska.

Dec. 8, 1978.

William D. McCool, Kenai, for appellant.

Thomas M. Wardell, Dist. Atty., Kenai, and Avrum M. Gross, Atty. Gen., Juneau, for appellee.

Before BOOCHEVER, Chief Justice, and RABINOWITZ, CONNOR, BURKE and MATTHEWS, Justices.

## OPINION

RABINOWITZ, Justice.

Appeal is taken by Brian Winslow from a sentence imposed following his pleas of guilty to three separate counts of burglary in a dwelling.[1] The superior court sentenced Winslow to serve concurrent 5-year terms of imprisonment on Counts I and II and to a consecutive 5-year term on Count III. The sentencing court further ordered that 5 years of the sentence be suspended and that Winslow be placed on probation during this 5-year period. Subsequent to the imposition of sentence, Winslow filed an application for sentence reduction.[2] The

1. Regarding the offense of burglary in a dwelling, AS 11.20.080 provides:

    A person who breaks and enters a dwelling house with intent to commit a crime in it, or having entered with that intent, breaks a dwelling house or is armed with a dangerous weapon in it, or assaults a person lawfully in it is guilty of burglary, and upon conviction is punishable by imprisonment in the penitentiary for not less than one year nor more than 10 years. However, if the burglary is committed at nighttime, it is punishable by imprisonment for not less than one year nor

more than 15 years. If a human being is within the dwelling at the time of the burglary during the nighttime or daytime, it is punishable by imprisonment for not less than one year nor more than 20 years.

2. Criminal Rule 35(a) states:

    *Correction or Reduction of Sentence.* The court may correct an illegal sentence at any time. The court may reduce a sentence within 120 days after sentence is imposed, or within 120 days after receipt by the court of either a mandate issued upon affirmance of the judgment or an order of dismissal of the

superior court denied the application and this appeal followed.

Winslow argues that the superior court was clearly mistaken in handing down an excessive sentence and further contends that procedurally the superior court erred in its failure to comply with the requirements of Criminal Rule 35(g) (2) [3] in rejecting his application for sentence reduction.

Winslow has marshalled eight distinct lines of attack in an effort to demonstrate that the superior court's sentence is excessive. Winslow asserts that the superior court did not give appropriate consideration to his age; [4] that the superior court's remarks at arraignment misled him; [5] that the superior court placed too much emphasis on the need for deterrence and thus gave insufficient weight to the possibility of rehabilitation; that the imposition of consecutive sentences was unjustified, particularly since characterization as the worst type of

offender is not warranted; that the superior court placed too great a reliance upon the possibility of parole; and that the presentence report was confusing in its sentence recommendation and the report contained inaccurate information.

■ We have reviewed each of the arguments and have concluded that none has merit. Our study of the case has convinced us that the superior court conscientiously considered the relevant sentencing factors and fashioned an appropriate sentence based upon these considerations. [6] We thus conclude that the superior court was not clearly mistaken in its determination of the sentence. [7]

■ We also find no error in the superior court's procedural handling of Winslow's application for sentence reduction. Since the request for relief was made pursuant to

appeal, or within 120 days after receipt of an order of the supreme court of the state or of the United States denying an application for relief. The court shall retain jurisdiction under this paragraph notwithstanding the pendency of an appeal. If such a motion is filed during the pendency of a sentence appeal, the proceedings on that sentence appeal shall be automatically stayed upon the filing of a copy of the motion with the court in which the sentence appeal is pending. The stay shall remain in effect until the motion is decided.

3. Criminal Rule 35(g) (2) reads:

When a court is satisfied, on the basis of the application, the answer or motion, and the record, that the applicant is not entitled to post-conviction relief and no purpose would be served by any further proceedings, it may indicate to the parties its intention to dismiss the application and its reasons for so doing. The applicant shall be given an opportunity to reply to the proposed dismissal. In light of the reply, or on default thereof, the court may order the application dismissed or grant leave to file an amended application or direct that the proceedings otherwise continue. Disposition on the pleadings and record shall not be made when a material issue of fact exists.

4. Winslow was 18 years old at the time the separate burglaries were committed.

5. Winslow contends that at the arraignment and bail hearing the superior court informed him that his guilty pleas would work in his favor. In his brief before this court, Winslow

states, in part: "[I]t may also be argued that appellant's entire case strategy would have differed had he known that he could receive such a severe sentence on a guilty plea."

The record shows that the superior court's remarks concerning Winslow's pleas of guilty were made after Winslow had been arraigned, waived proceeding by indictment, and had pleaded guilty to the burglaries. The record further reveals that Winslow was informed by the trial court, prior to the entry of his guilty pleas, as to the maximum sentence he could receive as to each count.

6. Regarding Winslow's record, the state has summarized this facet of the case in the following manner:

The probation officer's report in the instant case indicates an extensive juvenile history of unlawful activities, including shoplifting, larceny and forgery. Since June of 1977, there had been convictions for unlawful entry, joyriding, carrying a concealed weapon, minor consuming, and a firearms violation in Seward, Alaska. Further, at the time the defendant was arrested he was on his way to Glenallen, he was driving a stolen car, and he attempted to avoid the authorities. In addition to the three felonies to which defendant pleaded guilty, he also admitted on the record to being involved in one other burglary in the Kenai area. The State submits herein that this type of criminal activity would place the defendant in or near the category of the worst type of offender.

7. *Cleary v. State*, 548 P.2d 952 (Alaska 1976).

Criminal Rule 35(a), the provisions of Rule 35(g) (2) are inapplicable. This latter rule pertains only to post-conviction proceedings instituted under Criminal Rule 35(b).[8]

Affirmed.

BOOCHEVER, C. J., dissents.

BOOCHEVER, Chief Justice, dissenting.

I think that the sentence of ten years with five suspended is clearly mistaken and excessive for this eighteen-year-old who committed a series of burglaries of unoccupied dwellings during the daytime on January 7. While Winslow's prognosis is admittedly not the best, I think that if there is any chance for this youth to become a law abiding member of society, a lesser sentence would be required. A maximum sentence of five years imprisonment with three suspended would be much more appropriate. In that manner, he would be eligible for assignment to an institution without hardened criminals and with more emphasis on rehabilitation. He still would have an adequate time of supervision after being released, and two years incarceration would adequately serve the goals of deterrence and reaffirmation of societal norms.[1]

---

8. *See Thomas v. State*, 566 P.2d 630, 639 n. 34 (Alaska 1977); *State v. Hannagan*, 559 P.2d 1059, 1062–63 (Alaska 1977).

1. *State v. Chaney*, 477 P.2d 441, 444 (Alaska 1970), states these, as well as rehabilitation and isolation of the offender from the community, are the goals of sentencing.