OPINION
COATS, Judge.
Terry Lee Hicks appeals to this court from the sentences that he received for the crimes of burglary not in a dwelling (former AS 11.20.100) and grand larceny (former AS 11.20.140). Hicks was sentenced to five years on the count of burglary not in a dwelling and 10 years with five years suspended on the count of grand larceny. The sentences are concurrent with each other. Although these convictions are for a first felony and do not include violence, we have decided that the sentences given were not clearly mistaken under the particularly aggravated circumstances of this case.
On November 17, 1977, Hicks and Steven Alan Wilson stole a Cushman trackster, a tracked vehicle, from the Alyeska Pipeline Service Company yard in Fairbanks. Wilson cut a hole in the surrounding fence and entered the paint shop while Hicks waited outside. Wilson took the trackster and several tools from the paint shop and drove the trackster through the hole in the fence. Hicks and Wilson then loaded the trackster onto a pickup truck and hid it in the woods. The trackster was recovered when Wilson was apprehended and told police officers where the trackster was located. Hicks and Wilson pled guilty to indictments charging burglary not in a dwelling and grand larceny. In addition, the presentence report indicated that Wilson and Hicks were involved in numerous other thefts involving a substantial amount of property.[1] The author of the presentence report concluded that Hicks had shown a “great proclivity for criminal conduct with his almost constant participation in thefts,” and that “this would virtually earn him the title of a professional criminal.”
Both Hicks and Wilson received a three-year suspended imposition of sentence upon the condition that they serve six months in a correctional facility. After they were sentenced, Hicks and Wilson were able to persuade the court to delay execution of the prison term of their sentence for about three months. They then served their terms in jail. During the interim between sentencing and commencement of their jail terms, Hicks and Wilson engaged in a significant number of property crimes. Apparently Hicks’s involvement was at first undiscovered since Wilson alone was indicted on December 5, 1978, on two counts of grand larceny (former AS 11.20.140), and two counts of concealing stolen property (former AS 11.20.350). Wilson pled nolo contendere to one count of grand larceny and one count of concealing stolen property. Wilson was sentenced to serve five years on the grand larceny count. The judge further ordered that Wilson would not be eligible for parole for a period of three years. Wilson was sentenced to three years suspended consecutive to the sentence on the grand larceny charge, and placed on probation for a period of five years for the concealing stolen property charge. The combined sentences resulted in Wilson being sentenced to eight years with three suspended.
Wilson then entered into an agreement with the district attorney’s office to testify against others who participated in his crimes. In return, the district attorney’s office agreed not to prosecute Wilson on any additional charges and to make a sen *83 tence recommendation after probation was revoked on Wilson’s original charge of burglary not in a dwelling and grand larceny in the case involving the trackster theft. The district attorney’s office agreed to recommend two-year suspended sentences consecutive to Wilson’s eight years with three suspended on the grand larceny and concealing stolen property charges. Wilson ultimately received these sentences, leaving him with an overall sentence of ten years with five suspended on all his convictions.
Unlike Wilson, Hicks was never indicted on any new charges. Instead, the state petitioned to revoke his probation on the original charges, burglary not in a dwelling and grand larceny. The basis for the petition to revoke his probation was eight counts of concealing stolen property, all allegedly having occurred during the three months after his sentencing and before his incarceration.[2] Apparently as a result of Wilson’s willingness to testify against Hicks, Hicks admitted the eight counts of concealing stolen property in the petition.
The presentence report described some of the stolen property: car parts, a motorcycle, and numerous other valuable items including tools, camping gear, guns, and cameras, which had been stolen from a number of vehicles over a six week period. The presentence report characterized the stolen property as “a veritable warehouse of merchandise acquired by Hicks and co-defendant Wilson through illegal activity over a prolonged period of time.” The presen-tence report recommended a sentence of ten years with five years suspended. Hicks was sentenced to five years on the count of burglary not in a dwelling and ten years with five suspended on the count of grand larceny. The sentences were concurrent, leaving Hicks with a composite sentence of ten years with five suspended.
Hicks complains that his sentence was excessive compared to the sentence Wilson received. He compares only the sentence Wilson received for the taking of the track-ster with his own. However, if Wilson’s convictions and sentences on all the charges are considered, Hicks and Wilson received similar sentences.[3]
The sentence imposed was for Hicks’s first felony conviction. Hicks was twenty-six at the time probation was revoked on the suspended imposition of sentence. The maximum sentence for burglary not in a dwelling is five years and the maximum sentence for grand larceny is ten years. Hicks’ sentence of ten years with five suspended was a severe sentence.[4] However, the sentencing judge emphasized the need to protect the public from Hicks’s repeated participation in theft related offenses. The court also emphasized that Hicks had been given an opportunity to stop his criminal behavior when he received a suspended imposition of sentence originally, but Hicks continued to be involved in theft offenses. We have thoroughly reviewed the record and, while recognizing the sentence is severe, do not find that the sentence is clearly mistaken given the aggravating circumstances emphasized by the sentencing judge. McClain v. State, 519 P.2d 811, 813-814 (Alaska 1974).
AFFIRMED.

. Hicks agreed that the trial court could consider these additional offenses as part of an agreement with the prosecution to forgo formally charging these offenses. See Pascoe v. State, 628 P.2d 547 (Alaska, 1980); Nukapigak v. State, 562 P.2d 697 (Alaska 1977), aff'd on rehearing 576 P.2d 982 (Alaska 1978).

. Hicks was charged in the alternative in most of the eight counts against him. He was charged with grand larceny in violation of former AS 11.20.140 or receiving or concealing stolen property in violation of former AS 11.-20.350. Hicks admitted the receiving or concealing stolen property counts.

. “Although sentencing is an individualized process, persons of identical background, committing the same offenses, should receive similar sentences.” Troyer v. State, 614 P.2d 313, 321 n.16 (Alaska 1980). We note that Wilson received a favorable sentence recommendation from the prosecution for his promise to testify. Prosecutors’ recommendations in return for cooperation from defendants can be a valuable tool in law enforcement and such a recommendation may justify sentencing disparity.

.A sentence “ought not to exceed ten years except in unusual cases and normally should not exceed five years.” ABA Standards, Sentencing Alternatives and Procedures § 2.1 at 1 (Approved Draft, 1971). Pascoe v. State, 628 P.2d 547 (Alaska, 1980).