**David HEACOCK, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A–2567.**

Court of Appeals of Alaska.

Oct. 14, 1988.

Charles Easaw, Asst. Public Advocate, Fairbanks, and Brant McGee, Public Advocate, Anchorage, for appellant.

Mark I. Wood, Asst. Dist. Atty., Harry L. Davis, Dist. Atty., Fairbanks, and Grace Berg Schaible, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

COATS, Judge.

■ David Heacock was convicted, based upon his plea of *nolo contendere*, of sixteen counts of burglary in the first degree, a class B felony, and four counts of burglary in the second degree, a class C felony. AS 11.46.300(a)(1), AS 11.46.310(a). Judge Jay Hodges sentenced Heacock, a second-felony offender for presumptive sentencing purposes, to a composite sentence of twenty years with ten years suspended. Four years of this sentence is presumptive. Judge Hodges placed Heacock on probation for a period of five years following his release from incarceration. Heacock appeals to this court arguing that his sentence is excessive.

The most serious charge for which Heacock was convicted, burglary in the first degree, is a class B felony. A class B felony is punishable by a maximum sentence of ten years. There is a presumptive sentence of four years for a second-felony offender, and a presumptive sentence of six years for a third-felony offender. The state submitted three aggravating factors which it contended applied to Heacock's crimes: that Heacock "was a member of an organized group of five or more persons, and the offense was committed to further the criminal objectives of the group"; that Heacock's "criminal conduct was designed to obtain substantial pecuniary gain and the risk of prosecution and punishment for the conduct [was] slight"; and that Heacock was "on parole or probation for another charge or conviction." AS 12.55.-155(c)(14), (16), (20).

Heacock conceded in the trial court and concedes on appeal that these aggravating factors applied to his crimes. Heacock submitted a proposed mitigating factor: that he had "assisted authorities to detect or apprehend other persons who committed the offense with [him]." AS 12.55.-155(d)(12). The state conceded in the trial court and concedes on appeal that this mitigating factor was appropriate.

The grand jury originally charged Heacock with forty-six counts, including one count of theft in the third degree, five counts of burglary in the second degree, and forty counts of burglary in the first degree. Heacock pled to sixteen counts of burglary in the first degree and four counts of burglary in the second degree. Although the other counts were to be dismissed at sentencing, it was understood that Heacock would be held responsible for those crimes and would be required to make restitution on those offenses. The presentence report estimated that the value of the property stolen totalled over $65,000.

At the time that he committed these offenses, Heacock was on probation on a prior felony. In 1985, Heacock was convicted of larceny and burglary. He was sentenced to a suspended imposition of sentence and was placed on probation for a period of five years. He served 210 days in jail on this offense. This previous offense also involved a substantial amount of property. Heacock was ordered to make $78,000 in restitution on this offense. Apparently, Heacock has paid $40 of this restitution.

In sentencing Heacock, Judge Hodges emphasized the number of burglaries which Heacock had committed. He pointed out that the burglaries were committed in outlying areas where it was difficult to detect them, that they were planned, and that they took place over a substantial period of time. He pointed out that the crimes were committed by a group of people who were organized to commit burglaries, and concluded that Heacock was a leader of that group. He noted that this was Heacock's second burglary offense, and noted the seriousness of the preceding offense. He concluded that Heacock was a worst offender within his class. He found Heacock verged on being a professional criminal. All of these findings are supported by the record.

Judge Hodges considered the fact that Heacock admitted his offense, assisted authorities in recovering some of the property which was stolen, and helped in prosecuting other people involved in the offenses.

■ Heacock first contends that Judge Hodges erred in finding that Heacock had exercised a leadership role in the group which committed the burglaries. However, at the sentencing hearing, Trooper Tim Hunyor testified as a defense witness to establish Heacock's cooperation with the authorities. During that testimony, Trooper Hunyor testified that Heacock and another defendant "played a role in being leaders of the ring." Heacock never challenged this statement, which was apparently based on Trooper Hunyor's investigation and his conversations with Heacock. We find no error.

■ Heacock next contends that his sentence was excessive. A sentence of ten years actual imprisonment is a severe sentence for burglary in the first degree, because it is the maximum sentence which can be imposed for one count of burglary. In addition to the ten years of actual imprisonment, Heacock is subject to another ten years of imprisonment which is suspended. A maximum sentence for a single offense is appropriate only where the court can determine that the offender is a worst offender for this class of crime. *State v. Wortham*, 537 P.2d 1117 (Alaska 1975).

■ A sentence in excess of the maximum sentence for the most serious offense should be given only where the court finds that such a sentence is necessary to protect the public, or where it has some other substantial reason for imposing this kind of sentence. *Mutschler v. State*, 560 P.2d 377, 381 (Alaska 1977); *Jones v. State*, 744 P.2d 410 (Alaska App.1987). We believe that in the instant case the findings which Judge Hodges made are sufficient to support the sentence which he imposed. Heacock's offenses were particularly serious. The number of burglaries and the amount of property involved make this case exceptional. The fact that Heacock was significantly involved as a member of a group which committed these burglaries also makes these offenses serious. The fact that Heacock had formerly been convicted of serious property offenses and was on probation at the time he committed these offenses tends to support Judge Hodges' findings that Heacock's prospects for rehabilitation were guarded at best, and that Heacock verged on being a professional criminal. Although Heacock's cooperation with the authorities was relevant to his sentencing, it was within the province of the trial judge to weigh the importance of this factor. We conclude that the sentence was not clearly mistaken.

The judgment of the Superior Court is AFFIRMED.