Harold Wayne CASTLE, Appellant,

v.

STATE of Alaska, Appellee.

Ronald L. BAZER, Appellant,

v.

STATE of Alaska, Appellee.

Nos. A–2380, A–2383.

Court of Appeals of Alaska.

Jan. 20, 1989.

Rex Lamont Butler, Anchorage, for appellant Castle.

Larry D. Card and Keenan Powell, Anchorage, for appellant Bazer.

Cynthia Ducey, Asst. Dist. Atty., Dwayne W. McConnell, Dist. Atty., Anchorage, and Grace Berg Schaible, Atty. Gen., Juneau, for appellee.

OPINION

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

BRYNER, Chief Judge.

Harold Wayne Castle and Ronald L. Bazer were convicted after entering pleas of no

contest to multiple counts of misconduct involving a controlled substance in the second degree (delivery of or possession with intent to deliver heroin), AS 11.71.020, misconduct involving a controlled substance in the third degree (delivery of or possession with intent to deliver cocaine), AS 11.71.-030, and theft in the second degree (receiving or disposing of stolen property), AS 11.46.130. Misconduct involving a controlled substance in the second degree is a class A felony, AS 11.71.020(b), punishable by a maximum term of twenty years in prison, AS 12.55.125(c). The presumptive term for a first felony offender is five years. AS 12.55.125(c)(1). Misconduct involving a controlled substance in the third degree is a class B felony, AS 11.71.030(c), with a maximum term of ten years, AS 12.55.125(d). There is no presumptive term for a first felony offender. The presumptive term for a second felony offender is four years. AS 12.55.125(d)(1). Theft in the second degree is a class C felony, AS 11.46.130(b), and is punishable by a maximum term of five years. AS 12.55.125(e). There is no presumptive term for a first felony offender, and the presumptive term for a second felony offender is two years. AS 12.55.125(e)(1). Superior Court Judge Peter A. Michalski sentenced Castle and Bazer, who are both first felony offenders, to composite terms of fourteen years with two years suspended and ordered both men to pay fines of $5,000.[1] Castle and Bazer appeal, contending that their sentences are excessive. We reverse.

Castle's and Bazer's convictions stemmed from their participation in an ongoing criminal enterprise that specialized in fencing stolen property and selling cocaine and heroin. The illegal business was relatively sophisticated in its operation and was unusually large in scale, employing approximately five to ten people. Over an extended period of time, Castle and Bazer used the business to carry on an extensive trade in stolen merchandise and to make large, retail-level sales of cocaine and heroin. Castle and Bazer appear to have participated equally in the management of the business and to have shared equally in its profits.

Castle and Bazer are comparable in their relevant background characteristics. Neither man had any prior felony convictions, but both had previously been convicted of minor offenses. Neither man was a youthful offender. Castle was 33 years old at the time of his sentencing hearing; Bazer was 30. Both Castle and Bazer had serious problems with substance abuse and apparently resorted to selling drugs and stolen property after becoming addicted. In the years preceding their arrest, neither Castle nor Bazer was steadily employed, although both appear to have marketable job skills. Castle had previously served in the military and received an honorable discharge; Bazer had served in the military for approximately one year and was discharged under honorable conditions due to his problem

---

1. Castle was convicted of two counts of misconduct involving a controlled substance in the second degree, three counts of misconduct involving a controlled substance in the third degree, and two counts of theft in the second degree. He was sentenced to concurrent presumptive terms of five years for the two counts of misconduct involving a controlled substance in the second degree. For the three counts of misconduct involving a controlled substance in the third degree, he was sentenced to four years with two years suspended. The sentences for these three counts were made concurrent with each other but consecutive to the two counts of misconduct involving a controlled substance in the second degree. Castle received five-year terms for the theft offenses. These sentences were made concurrent with each other and consecutive to all other sentences. Bazer was convicted of two counts of misconduct involving a controlled substance in the second degree, three counts of misconduct involving a controlled substance in the third degree, and one count of theft in the second degree. He was sentenced to concurrent five-year terms for the misconduct involving a controlled substance in the second degree offenses. Terms of four years with two years suspended were imposed for the three counts of misconduct involving a controlled substance in the third degree. Again, these sentences were concurrent with each other and consecutive to the second-degree misconduct involving a controlled substance charges. Bazer received a five-year consecutive sentence for his theft offense. Additionally, Bazer was convicted of one count of misconduct involving a controlled substance in the fourth degree, for which he received a concurrent one-year suspended sentence.

with substance abuse. Upon arrest, Castle and Bazer were cooperative and provided information to the police concerning other individuals involved in drug related activities in the Anchorage area.

■ Given these similarities in background and criminal involvement, the sentencing court elected to impose identical sentences on Castle and Bazer. For their convictions of second-degree misconduct involving a controlled substance, Castle and Bazer received the five-year presumptive term, despite the presence of three aggravating factors and only one mitigating factor. For the third-degree misconduct involving a controlled substance convictions, both men received terms of four years with two years suspended—sentences that are well within the rule of *Austin v. State*, 627 P.2d 657 (Alaska App. 1981), which normally requires that a first felony offender who is not subject to presumptive sentencing be given a term that is less severe than the presumptive term for a second felony offender convicted of a like offense. The third-degree misconduct sentences were imposed consecutively to the second-degree misconduct sentences. We find that the individual terms for these offenses are not clearly mistaken. *McClain v. State*, 519 P.2d 811, 813–14 (Alaska 1974). Likewise, because the individual terms were relatively short, there was good cause for their consecutive imposition.

■ The maximum terms of five years that Castle and Bazer received for theft in the second degree present a closer issue. In imposing the maximum sentences for the theft offenses, Judge Michalski expressly found that Castle and Bazer were worst offenders because of the scope and sophistication of their fencing operation and the drug-related context in which it was conducted. The record provides strong support for the sentencing court's worst offender finding. On balance, we conclude that the court was not clearly mistaken in imposing the maximum term for the theft charges. *McClain v. State*, 519 P.2d at 813–14.

Although the court's worst-offender finding justifies its imposition of maximum terms for the theft offenses, it does not necessarily justify the imposition of those terms consecutively to Castle's and Bazer's other sentences. *See Hancock v. State*, 741 P.2d 1210, 1214 n. 2 (Alaska App.1987). We have consistently required that good cause for imposition of consecutive sentences be separately established. *See, e.g., Farmer v. State*, 746 P.2d 1300 (Alaska App.1987); *Jones v. State*, 744 P.2d 410, 411–12 (Alaska App.1987); *Lacquement v. State*, 644 P.2d 856, 859 (Alaska App.1982), *modified, Jones v. State*, 744 P.2d 410 (Alaska App.1987).

■ In the present case, the sentencing court made the five-year terms for theft entirely consecutive to the sentences that Castle and Bazer received for second- and third-degree misconduct involving a controlled substance. This resulted in composite terms of eighteen years with six years suspended, leaving both Castle and Bazer with twelve years of unsuspended incarceration. The sentencing court did not expressly address the need for a term in excess of ten years and did not find that Castle and Bazer could not be rehabilitated. To the contrary, although the sentencing court elected to give other sentencing goals higher priority, it apparently believed that both Castle and Bazer were amenable to rehabilitation.

In prior cases involving multiple class A felonies, however, we have emphasized that composite sentences in excess of ten years are justified only when isolation of the offender is actually necessary for the protection of the public:

> Sentences of ten years or more for conduct equivalent in seriousness to class A felonies under current law have generally been based on isolation as a goal of sentencing and have been reserved for those with a proven record of recidivism, or those whose conduct involved premeditated attempts to kill or seriously injure.

*Pruett v. State*, 742 P.2d 257, 264 (Alaska App.1987) (citations omitted).

This rule is consistent with the Alaska Supreme Court's decision in *Pears v. State*,

698 P.2d 1198, 1204–05 (Alaska 1985). In that case, the defendant, Pears, drove with extreme recklessness while intoxicated and collided with another vehicle, killing two of its occupants and injuring another. Pears was convicted of two counts of second-degree murder and one count of second-degree assault and was sentenced to serve twenty years. In reversing the sentence, the supreme court reviewed the various sentencing goals enunciated in *State v. Chaney*, 477 P.2d 441, 444 (Alaska 1970). The court found that the goal of rehabilitation could virtually never justify the imposition of an extended period of imprisonment. *Pears*, 698 P.2d at 1204. Similarly, the court concluded that the goals of deterrence and community condemnation could generally be satisfied by sentences substantially shorter than the twenty-year term Pears had received.[2] *Id.* While the court implied that the goal of isolation might, under certain circumstances, justify a lengthy term of imprisonment, it concluded that in Pears' case it did not, because Pears' prospects for rehabilitation were relatively good. Finally, with respect to the appropriateness of lengthy sentences as a general matter, the court emphasized that the principle of parsimony requires imposition of the minimum period of incarceration necessary to implement the various sentencing goals. In our view, *Pears* provides strong support for the conclusion that in cases involving first felony offenders convicted of class A felonies, sentences exceeding ten years in prison can be justified only when case-specific evidence establishes an actual need to isolate the defendant for the protection of the community for the full period in question.

We recognize that the task of determining the priority of the various sentencing goals is properly given to the sentencing court. *Nicholas v. State*, 477 P.2d 447, 448–49 (Alaska 1970). Accordingly, despite Castle's and Bazer's status as first felony offenders, the sentencing court was not clearly mistaken in placing priority on goals other than rehabilitation. Moreover, the overall seriousness of Castle's and Bazer's criminal misconduct justified the imposition of relatively lengthy consecutive terms. The magnitude of the criminal enterprise in this case, and the presence of class A and theft-related felonies readily distinguish this case from the drug-related cases that Castle and Bazer have cited on appeal. *See, e.g., Lausterer v. State*, 693 P.2d 887 (Alaska App.1985); *Marin v. State*, 699 P.2d 886 (Alaska App.1985); *Stuart v. State*, 698 P.2d 1218 (Alaska App.1985); *Rivas v. State*, 706 P.2d 1202 (Alaska App.1985).

Nevertheless, we find nothing to justify a composite term in excess of ten years of unsuspended incarceration. As we have indicated, such a sentence would be warranted only by the need for isolation. No such need was found by the sentencing court. Given Castle's and Bazer's status as first felony offenders and their apparent amenability to rehabilitation, the record in this case would not support a conclusion that their isolation for more than ten years is necessary.

For this reason, we conclude that a composite term exceeding ten years of unsuspended imprisonment was clearly mistaken. Thus, at least two years of the five year sentences for the theft offenses should have been imposed concurrently to the other offenses in this case.[3] The sen-

---

**2.** Two of the justices who composed the majority in *Pears* indicated that on remand, Pears should receive a term of no more than ten years' imprisonment, thus making it clear that, in their view, the goals of deterrence and community condemnation for Pears' offense, which was an unclassified felony, would be satisfied by a sentence of that duration. Justice Rabinowitz, the third member of the *Pears* majority, did not express a view as to the appropriate term to be imposed. Arguably, however, Justice Rabinowitz' view was that a sentence of less than ten years should not be foreclosed. *See*

*Jones v. State*, 744 P.2d 410, 413 (Alaska App. 1987). If that was the case, then, *a fortiori*, Justice Rabinowitz would also have concluded that the goals of deterrence and community condemnation would be satisfied by a term of ten years for the offense.

**3.** Bazer has additionally challenged the $5,000 fine that was imposed below. The only reason given by the sentencing court for imposing the $5,000 fine was the commercial nature of the offenses. There is nothing in the court's remarks to indicate that it considered Bazer's and

tences imposed below are REVERSED, and these cases are REMANDED for the entry of amended judgments conforming with the views expressed herein.

Castle's earning capacity. The court made no finding of an ability to pay. Moreover, it left the terms and conditions of payment for subsequent determination by Castle's and Bazer's probation officer. Under the circumstances, imposition of the fines was plainly improper. *See Karr v. State,* 686 P.2d 1192 (Alaska 1984); *Ashton v. State,* 737 P.2d 1365, 1366 (Alaska App. 1987). It does not appear that a remand on this issue would be fruitful, since there is no evidence in the record to support a realistic conclusion that Bazer would be financially capable of paying substantial fines, particularly in light of the fact that he would be serving a ten-year sentence of imprisonment. Because the issue has been raised only by Bazer, we require only that Bazer's judgment be modified to delete the provision for a fine. Castle, of course, may move for modification of his sentence on remand. *See* Alaska R.Crim.P. 35(a).