**Donald L. BUMPUS, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A–2606.**

Court of Appeals of Alaska.

June 23, 1989.

330

Glen Mark, Law Offices of Glen Mark, Anchorage, for appellant.

Eugene B. Cyrus, Asst. Dist. Atty., Stephen H. Morrissett, Dist. Atty., Palmer, and Grace Berg Schaible, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., COATS and SINGLETON, JJ.

## OPINION

BRYNER, Chief Judge.

Donald L. Bumpus was convicted after pleading no contest to two counts of burglary in the first degree, in violation of AS 11.46.300(a)(1). The offenses are class B felonies, with maximum terms of ten years' imprisonment. Bumpus had previously been convicted of three felonies and was therefore subject to presumptive terms of six years. AS 12.55.125(d). Superior Court Judge J. Justin Ripley sentenced Bumpus to adjusted presumptive terms of seven years for each count and made these sentences consecutive to each other and to a nine-year sentence Bumpus had received

in Fairbanks for related burglary and theft convictions. Judge Ripley further specified that Bumpus would be ineligible for parole. Bumpus' total sentence is thus twenty-three years in prison without possibility of parole. Bumpus appeals this sentence as excessive. We reverse.

## THE OFFENSES

Bumpus' convictions in the current case stem from burglaries of resort cabins in the Matanuska/Susitna (Mat/Su) Valley. In committing the offenses, Bumpus acted as part of a group of burglars comprised of five men, four of whom (including Bumpus) burglarized cabins and one of whom acted as a fence for the stolen property. The burglary ring operated from May through September 1987 and was responsible for approximately fifty burglaries in the Mat/Su Valley and Fairbanks areas. Bumpus did not become a member of the group until approximately July 7, however, and his participation thereafter was apparently to some extent limited.

On September 6, 1987, Bumpus and three colleagues burglarized the Gary Olsen cabin in Willow; on September 12, 1987, the same group burglarized the Big Lake residence of Bill Scholten. The group stole approximately $9,324. Bumpus indicated that he committed the burglaries because he needed money to pay rent and purchase drugs, particularly heroin and cocaine. Following apprehension, Bumpus assisted the authorities in attempting to retrieve the property stolen in these and other burglaries.

## THE OFFENDER

At the time of the offenses, Bumpus was twenty-nine years old. He had been honorably discharged from the United States military and had obtained his general education diploma while incarcerated for earlier offenses. Bumpus has been sporadically employed as an adult. His longest period of employment was between 1981 and 1982, as a drug counselor for the American Dependency and Abuse Program in Anchorage. He worked with the program until its federal funding was terminated.

Bumpus has never been married and has no children. He has a serious substance abuse problem. He smokes marijuana and was using heroin and cocaine intravenously on a daily basis prior to arrest.

Bumpus has no juvenile record but has an extensive adult criminal record. In 1977 he was convicted of shoplifting and burglary not in a dwelling. For the burglary, Bumpus served 180 days in jail. In 1978 he was convicted of receiving stolen merchandise, a felony for which he received a suspended sentence. In 1984, Bumpus was convicted of second-degree burglary, his third felony conviction. He received a three-year presumptive sentence and was released in July 1987. Almost immediately thereafter, he became involved in the burglary ring whose activities resulted in Bumpus' current convictions.

## THE SENTENCING

In connection with burglaries committed in the Fairbanks area, Bumpus pled no contest to one count of burglary in the first degree, AS 11.46.300, one count of theft by receiving, AS 11.46.130, and three counts of burglary in the second degree, AS 11.-46.310. Superior Court Judge Jay Hodges sentenced Bumpus to a composite term of nine years' imprisonment for these offenses. The nine-year sentence is not directly challenged in this appeal.

For the Mat/Su Valley crimes, Bumpus separately pled no contest in Palmer to two counts of burglary in the first degree. He appeared for sentencing before Judge Ripley after having already been sentenced for the Fairbanks offenses.

By virtue of having previously been convicted of more than one felony, Bumpus was subject to presumptive terms of six years for each of his burglary convictions. At the sentencing hearing, the state established the applicability of three statutory aggravating factors: first, that Bumpus was a member of an organized group of five or more persons and that his offenses were committed to further the group's criminal objectives (AS 12.55.155(c)(14)); second, that Bumpus had three prior felony

convictions (AS 12.55.155(c)(15)); and, third, that Bumpus had a criminal history of repeated instances of criminal misconduct similar to the offenses for which he was being sentenced (AS 12.55.155(c)(21)).

In imposing sentence, Judge Ripley noted Bumpus' substantial criminal history. He found that Bumpus was a worst offender and that his conduct was among the worst included within the definition of the offense. Judge Ripley noted that Bumpus' drug addiction indicated that he was not as culpable or guilty as a professional criminal committing the offenses for profit. Nonetheless, Judge Ripley found that Bumpus' past efforts to address his drug problem had been unsuccessful and that the community could no longer tolerate Bumpus' activities. Judge Ripley also found that Bumpus was sincerely remorseful. On balance, however, the judge emphasized deterrence of Bumpus, deterrence of others, and reaffirmation of societal norms. Judge Ripley reasoned that the community was entitled to protection against habitual burglars and that a message should be sent to those that steal to support a drug habit that their efforts will eventually lead to substantial prison terms.

These considerations led Judge Ripley to conclude that "a massively long sentence is appropriate." Judge Ripley imposed aggravated presumptive sentences of seven years on each count. The sentences were imposed consecutively to each other. In addition, the judge made the sentences consecutive to the composite nine-year term Bumpus had received in Fairbanks. The judge specifically provided that no parole would apply to the aggravated portions of Bumpus' sentence.

## DISCUSSION

On appeal, Bumpus contends that his composite sentence is excessive. He initially challenges the sentencing court's findings that he is a worst offender and a dangerous offender. The finding that a defendant is a worst offender may properly be based on the defendant's criminal history, the circumstances of the current offense, or both. *Hintz v. State*, 627 P.2d 207, 210 (Alaska 1981). Here, the court's conclusion that Bumpus was a worst offender is amply supported by both Bumpus' criminal history, which includes three prior convictions for felonies, as well as by the number and seriousness of Bumpus' current offenses. The court did not err in making its worst offender finding.

The sentencing court further characterized Bumpus as a dangerous offender. This characterization also seems to have been well-founded. Because Bumpus had previously been convicted of more than two felonies and had served a period of more than one year in prison, he would appear to qualify as a dangerous offender.[1] *See, e.g., Williams v. State*, 759 P.2d 575, 577 (Alaska App.1988); *Skrepich v. State*, 740 P.2d 950, 955–56 (Alaska App.1987).

Bumpus' status as a worst offender and as a dangerous offender plainly justified imposition of a sentence emphasizing the goals of deterrence, reaffirmation of societal norms, and isolation for the protection of the public. Under the circumstances, we agree with Judge Ripley's conclusion that Bumpus' case warranted the imposition of a "massively long sentence."

Our agreement with the sentencing court in this regard does not, however, resolve the principal issue raised on appeal: the appropriateness of Bumpus' composite term. For an offender who has been convicted of class B felonies, aggregate sentences totaling ten years, fifteen years, or twenty years might all reasonably be

---

1. A dangerous offender finding in this case would be consistent with the ABA standards from which the "dangerous offender" classification derives. Under the ABA standards, sentences in excess of ten years should be reserved for exceptional cases involving particularly dangerous offenders, including habitual offenders. III Standards for Criminal Justice § 18–2.1 (approved draft 1979). An habitual offender is one who has been convicted of at least two prior felonies committed on separate occasions, with the last felony occurring within five years of the current offense, and who has spent more than a year in prison. *Id.* § 18–4.4. Bumpus has been convicted of three prior felonies, and has served more than one year in prison. One of his prior convictions occurred within five years of his current offenses.

deemed "massive." This court's task is to determine whether the particular sentence imposed below is appropriate—that is, whether the specific sentence that Bumpus received, when considered in light of our own independent evaluation of the sentencing record, is clearly mistaken. *McClain v. State,* 519 P.2d 811, 813–14 (Alaska 1974).

Bumpus' current convictions stem from an ongoing course of conduct occurring over a period of approximately two months. The close temporal and circumstantial relationship of the Mat/Su Valley offenses that are involved in this case and the related offenses for which Bumpus was sentenced in Fairbanks require that the sentences received by Bumpus in both cases be considered as a whole. *Waters v. State,* 483 P.2d 199, 202 (Alaska 1971); *Williams v. State,* 759 P.2d 575, 577–78 (Alaska App.1988). By making Bumpus' two burglary sentences consecutive to each other and to the sentence that Bumpus received in Fairbanks, and by restricting his eligibility for parole, the sentencing court effectively imposed a term requiring Bumpus to serve twenty-three years of incarceration. It is the appropriateness of this specific term that we must decide.

In addressing this issue, we note at the outset that the sentencing court did not address what significance, if any, it placed on the statutory aggravating factors that it found applicable in Bumpus' case. In prior cases, we have emphasized the need for sentencing courts to make such findings. *See, e.g., DeGross v. State,* 768 P.2d 134, 138–39 (Alaska App.1989); *Juneby v. State,* 641 P.2d 823, 845–46 (Alaska App. 1982), *modified on other grounds,* 665 P.2d 30 (Alaska App.1983). Given the overall seriousness of Bumpus' offenses and of the applicable aggravating factors, the sentencing court's decision to enhance the applicable six-year presumptive term for each of Bumpus' burglaries to an adjusted term of seven years seems plainly reasonable. Yet the reasonableness of making the two enhanced terms entirely consecutive is far less self-evident. The record provides little to explain the influence of the aggravating factors on the court's decision to impose

the terms in the present case consecutively to each other and to the sentence that Bumpus received in the Fairbanks case.

Although, as we have already indicated, the sentencing court cannot be faulted for concluding that a "massive" term of incarceration for Bumpus was necessary, the court's sentencing explanation does not directly address the need for imposition of a total term of twenty-three years' imprisonment. Apart from mentioning its intent to impose a "massively long sentence," the sentencing court made no attempt to explain its selection of a composite term totaling twenty-three years or its election to restrict Bumpus' eligibility for parole for the full duration of that term. Indeed, the court did not even refer to the aggregate length of the sentences it imposed. From the record, it would appear that the court had no specific reason to select a term totaling twenty-three years. The composite term seems instead to reflect the somewhat fortuitous result of adding together the terms that the superior court deemed to be individually appropriate for Bumpus' separate crimes.

The mere fact of Bumpus' involvement in multiple burglaries does not, in itself, justify consecutive imposition of his sentences in this manner. Bumpus' involvement in numerous discrete offenses would certainly justify enhancement of his total sentence. *See, e.g., Hicks v. State,* 636 P.2d 81, 83 (Alaska App.1981). However, the total sentence for his case could not properly be derived by simply establishing appropriate terms for individual counts and imposing consecutive terms to arrive at a multiple of the individual terms. *See State v. Andrews,* 707 P.2d 900, 909–10 (Alaska App.1985), *aff'd on other grounds,* 723 P.2d 85 (Alaska 1986).

Nor is the composite twenty-three year term automatically justified by the superior court findings that Bumpus is a worst offender and a dangerous offender. Designation of Bumpus as a worst offender would have justified the sentencing court in imposing the maximum term for the single most serious offense for which Bumpus was convicted—here, a term of ten

years. However, worst-offender status is not, in itself, sufficient to justify consecutive sentences exceeding the maximum for the single most serious count. *DeGross v. State,* 768 P.2d at 140.

■ Characterization of Bumpus as a dangerous offender justified the imposition of an exceptional sentence in this case—one exceeding ten years in length. *See Viveros v. State,* 633 P.2d 289, 291 (Alaska App. 1981). As with the worst-offender designation, however, the sentencing court's dangerous-offender finding did not *ipso facto* warrant a total term of twenty-three years.

■ In imposing sentences resulting in a total term of twenty-three years, the superior court placed great reliance on the sentencing goals of deterrence, community condemnation, and isolation. However, neither the goal of deterrence nor the need to reaffirm societal norms could support consecutive terms totaling twenty-three years. Both this court and the Alaska Supreme Court have previously observed that, for all but the most serious categories of crimes— that is, unclassified felonies—the sentencing goals of rehabilitation, deterrence, and reaffirmation of societal norms will almost invariably be satisfied by imposition of a sentence of ten years or less. *See, e.g., DeGross v. State,* 768 P.2d at 140–41. Hence, we have held that sentences exceeding ten years can be justified only to the extent that they are found to be actually necessary to protect the community from an offender who can neither be rehabilitated nor deterred by a lesser term:

In *Pears v. State,* 698 P.2d 1198, 1204– 05 & n. 15 (Alaska 1985), the Alaska Supreme Court emphasized the need to restrict sentences of imprisonment to the minimum period necessary to effectuate the goals of sentencing. The court pointed out that lengthy terms of imprisonment cannot properly be imposed for purposes of rehabilitating an offender. The court also made it clear that extremely long prison terms will seldom be necessary for purposes of deterrence or community condemnation. *Pears* strongly supports the conclusion that, before imposing a term of more than ten years of

unsuspended incarceration ... the sentencing court must make an express finding that the offender cannot be deterred or rehabilitated by a lesser term. *See Castle v. State,* 767 P.2d 219, 221 & n. 2 (Alaska App.1989).

*DeGross v. State,* 768 P.2d at 140–41 (footnote omitted). *See also Contreras v. State,* 767 P.2d 1169, 1174 (Alaska App. 1989); *Pruett v. State,* 742 P.2d 257, 264 (Alaska App.1987).

In the present case, the sentencing court did not expressly find that Bumpus could not be deterred or rehabilitated by a term of less than twenty-three years. In fact, as we have pointed out, there is nothing in the record to establish that the court even calculated the total length of the individual sentences it imposed.

■ In some cases, it may be appropriate to excuse a court's failure to make an express finding of need to isolate an offender for a lengthy term. When the record unequivocally establishes that a recalcitrant offender constitutes an ongoing danger and is incapable of being deterred or reformed, we will not reverse a lengthy sentence merely because the sentencing court failed to make the requisite finding of need. *See, e.g., Neal v. State,* 628 P.2d 19, 21 (Alaska 1981). In such cases, a remand for an express finding would amount to a hollow formality.

■ This, however, is not such a case. The record here does not plainly establish the need to isolate Bumpus for a twenty-three year term without possibility of parole. Nor does the record rule out the possibility that Bumpus can be deterred or rehabilitated within a significantly shorter period of time.

In imposing the sentence, the sentencing court made clear its belief that Bumpus would continue to be a danger to the community until he had been rehabilitated or deterred. The court did not, however, find Bumpus to be incapable of deterrence or unamenable to rehabilitation. To the contrary, the sentencing remarks indicate that the court believed that Bumpus' chances for deterrence and rehabilitation were not

unrealistic. Although the court expressed the view that Bumpus would need to be isolated until deterred or rehabilitated, at no point did it indicate a belief that rehabilitation or deterrence could not be accomplished within a term of less than twenty-three years. Rather, the court's sentencing remarks make it clear that its decision to impose consecutive terms primarily reflected the desire to emphasize deterrence and community condemnation over other sentencing goals.

■■■■ There is, moreover, a decided lack of hard information in the sentencing record that could have supported a conclusion that Bumpus is incapable of being deterred or rehabilitated. Bumpus' recidivism is unquestionably linked to his long-standing problem with drug abuse. Yet there is virtually no specific information in the record to shed light on the origins of Bumpus' drug problem or the reasons for his past inability to deal with it. The various presentence reports available in the record do not describe what treatment has been previously made available to Bumpus for his drug abuse problem or how he has responded to the treatment that has been afforded him. No professional evaluation of Bumpus' drug problem was submitted to the sentencing court in this case or, apparently, in any of the other cases in which Bumpus has previously been sentenced. Furthermore, Bumpus has apparently never been subjected to a psychiatric evaluation or to psychological testing. *See, e.g.,* *DeGross v. State,* 768 P.2d at 141 (citing cases expressing the desirability of obtaining a psychiatric evaluation before imposing an unusually lengthy term of incarceration).

Apart from providing summaries of Bumpus' offenses, the presentence reports contain surprisingly little information concerning Bumpus' life during the years since his initial felony conviction. Far from establishing a lack of potential for rehabilitation, what little information there is in the record strongly suggests that Bumpus may be amenable to rehabilitation. Following his 1978 conviction for concealing stolen property (an offense for which he received probation), Bumpus managed to avoid further involvement with the law for approximately six years—until his 1984 conviction for burglary. Although no details are provided in the presentence reports, it appears that, during this period of time, Bumpus may have completed a drug rehabilitation program and that he was employed as a drug abuse counselor for a federally-funded program. It appears that Bumpus' reinvolvement with drugs and with drug-related criminality occurred only after his work as a drug counselor was cut short by termination of federal funding.

Bumpus' prior criminal record and the circumstances of the present cases, while unquestionably serious, do not, standing alone, establish that he is a hopelessly recalcitrant offender. Bumpus was not yet thirty years old when he committed the offenses in this case. He has been subjected to a significant term of reimprisonment on only one occasion: his three-year sentence for burglary in 1984. Bumpus' three prior felonies were all the equivalent of class C felonies and involved relatively minor, unsophisticated criminal misconduct. Bumpus' misconduct in the present case was significantly more serious and involved substantial damage. The misconduct occurred by virtue of Bumpus' association with a burglary ring. There is little specific information in the record concerning the operation of the ring. However, it appears that the ring was organized and led by other individuals, that Bumpus joined the ring in mid-course, and that he was not involved in all of its activities after he had joined.

In summary, when viewed in its entirety, the sentencing record fails to support the inference that Bumpus is incapable of being deterred or rehabilitated, or that the protection of the community requires his isolation for a period of twenty-three years. For this reason, we are unable to conclude that the sentencing goal of isolation justifies the sentence imposed below.

■■■■ A consideration of other cases also casts doubt on the appropriateness of a twenty-three-year composite term. We have previously had occasion to emphasize

that, under Alaska's system of presumptive sentencing, the twin goals of uniformity and elimination of disparity "place a premium on consideration of sentences received by similarly situated offenders who have been convicted of similar offenses." *De-Gross v. State*, 768 P.2d at 139. In the present case, David Heacock, another participant in Bumpus' burglary ring, was convicted of twenty counts of burglary and theft in connection with the ring's activities in Fairbanks. Heacock was sentenced to a total term of twenty years with ten years suspended for the offenses. In *Heacock v. State*, 762 P.2d 503 (Alaska App.1988), this court upheld that term against a claim of excessiveness.

In contrast to Bumpus, Heacock had previously been convicted of only one felony. Bumpus' more extensive criminal history unquestionably justifies a certain degree of disparity between his sentence and the sentence received by Heacock. Nonetheless, there are several factors in Heacock's case that appear to indicate that his situation was more aggravated than Bumpus'. Although Heacock had only one prior conviction, that conviction was for a more serious offense than any of Bumpus' prior cases and involved particularly aggravated circumstances. *See Heacock v. State*, 762 P.2d at 504. Moreover, in the current case, Bumpus was convicted of only two counts, while Heacock was convicted of twenty. Heacock was on probation at the time he committed his offenses; this aggravating factor was not established by the state with respect to Bumpus. Additionally, Heacock was found to be a leader of the burglary ring and apparently participated in almost all of its activities. Bumpus seems to have been a follower, and his participation appears to have been more limited, both in duration and scope.

In sentencing Bumpus to a composite term totaling more than twice the unsuspended term received by Heacock, the sentencing court did not attempt to differentiate Heacock's case from Bumpus' or to explain the significant disparity in the sentences that they received. As we have indicated, Bumpus' more extensive criminal history justifies a degree of disparity. It

does not, in our view, justify a sentence involving significantly more than twice the unsuspended incarceration that Heacock received.

Comparison of Bumpus' case to prior burglary cases bolsters this conclusion. Our review of existing case law has turned up no support for the imposition of a sentence totaling twenty-three years in this case. In fact, Bumpus' sentence appears to be virtually unprecedented for a burglary case.

In two cases, the Alaska Supreme Court has approved burglary sentences totaling twenty years of unsuspended imprisonment. *Good v. State*, 590 P.2d 420 (Alaska 1979); *Price v. State*, 565 P.2d 858 (Alaska 1977). Both cases, however, involved offenders who had significantly more extensive criminal records than Bumpus and who were simultaneously convicted of other, non-property crimes.

In *Good*, the supreme court approved a twenty-year burglary term that was imposed concurrently with a fifteen-year armed robbery sentence. Good had been convicted of drug-related felonies on six prior occasions, and the sentencing record established that he had repeatedly failed in various drug rehabilitation programs.

In *Price*, the supreme court approved two consecutive terms of ten years for burglary. Price was a thirty-three-year-old offender who was diagnosed as a psychopath, had been in trouble with the law virtually since childhood, had spent much of his adult life in prison, had been convicted of five prior felonies, and had violated the conditions of his parole. Price was convicted for burglaries in which he had recruited prisoners who were on work release to commit the offenses for him. He was simultaneously convicted for attempting to procure a female for prostitution. It is significant that, in affirming Price's total twenty-year term for burglary, the supreme court vacated as excessive a consecutive ten-year term for the prostitution offense. The supreme court's decision in *Price* thus establishes that a term exceed-

ing twenty years for Price was not justified.

We are aware of no other burglary cases in which the sentence has approached the composite twenty-three year term that Bumpus received. Cases that are more comparable to Bumpus' than *Good* and *Price* have involved significantly lower sentences. In *Adams v. State*, 521 P.2d 516 (Alaska 1974), the supreme court approved total sentences of eleven years for an offender convicted of three separate burglaries and one count of larceny. Adams had an extensive history of probation violations and of failure in various drug rehabilitation programs.

In *Smothers v. State*, 579 P.2d 1062 (Alaska 1978), the court approved a twelve-year sentence for a particularly violent burglary in an occupied dwelling. Smothers, a twenty-year-old offender, was on probation at the time of the offense. He had a juvenile history that included two adjudications for burglary, one for a drug offense, and three for misdemeanor joyriding. Smothers had also been convicted for attempted burglary. In addition, Smothers had been diagnosed as having an antisocial personality.

In *Shagloak v. State*, 582 P.2d 1034 (Alaska 1978), the court approved a sentence of fifteen years for a particularly aggravated burglary of an occupied dwelling. Shagloak was a twenty-nine-year-old offender whose criminal history included six prior burglary convictions, one prior conviction for escape, and two probation violations.[2]

In our view, Bumpus' case is more readily comparable to the cases of *Adams*, *Smothers*, and *Shagloak* than to those of *Good* and *Price*. Our independent review of the sentencing record convinces us that imposition of consecutive terms totaling twenty-three years of unsuspended imprisonment was clearly mistaken. *McClain v. State*, 519 P.2d 811, 813–14 (Alaska 1974). We similarly find no justification on the current sentencing record for the lower court's decision to restrict eligibility for parole.

## CONCLUSION

Accordingly, we conclude that this case must be remanded for resentencing. On remand, the superior court is directed to impose sentences resulting in an aggregate term of incarceration that does not exceed twenty years with five years suspended.

The sentence is VACATED; this case is REMANDED for sentencing in conformity with this opinion.

SINGLETON, J., dissents.

SINGLETON, Judge, dissenting.

Donald L. Bumpus was convicted of two burglary offenses. It appears that he was part of a ring that committed over fifty separate burglaries. Certainly, someone convicted of participation in multiple burglaries should receive a more severe sentence than someone convicted of a single burglary. I would agree with the majority, however, that if Bumpus were a first felony offender, a composite sentence of ten years or less would be sufficient no matter how many individual burglaries Bumpus committed. Bumpus is not a first felony offender, however. He has three prior felony convictions.[1]

---

2. Other cases involving lesser, but significant sentences for burglary include: *Hicks v. State*, 636 P.2d 81 (Alaska App.1981) (approving concurrent sentences totaling ten years with five years suspended for a first offender convicted of multiple burglaries and grand larcenies); *Deal v. State*, 626 P.2d 1073 (Alaska 1980) (approving total sentence of ten years with seven-and-one-half years suspended for an offender convicted of four counts of burglary not in a dwelling); *Stobaugh v. State*, 614 P.2d 767 (Alaska 1980) (approving a seven-year term for a second felony offender convicted of burglary); *Winslow v.*

*State*, 587 P.2d 738 (Alaska 1978) (approving a total term of ten years with five years suspended for a defendant convicted of three counts of burglary in a dwelling).

1. In its sentencing memorandum, the state concedes error in considering the 1978 felony offense in connection with an aggravator; namely, the defendant has three or more prior felony convictions. AS 12.55.155(c)(15). The state notes that the 1978 felony convictions for receiving and concealing stolen property should not have been used to trigger this aggravating

In my view, the instant record supports Judge Ripley's implicit finding that Bumpus must be isolated for the full twenty-three-year period in order to protect the public. It is particularly significant that Bumpus became involved in a substantial burglary ring a very short time after being released on parole from his most recent conviction. He has been on probation and under parole supervision on a number of occasions without apparent effect on his behavior. Efforts to address his drug dependency have been unavailing. Under the circumstances, the trial court could well find that Bumpus will present a continuing risk to the public unless he is incarcerated. Judge Ripley's implicit finding that Bumpus cannot be rehabilitated and will not be deterred by short sentences does not appear clearly mistaken. Given the legislative preference for consecutive sentences and the legislature's evident desire to give community protection paramount consideration in sentencing recidivists, I would approve the sentence imposed in this case.

factor because the value element of the 1978 offense is not substantially similar to the value element of theft in the second degree under the new criminal code. We must independently review the state's concession of error. *See Marks v. State,* 496 P.2d 66, 67–68 (Alaska 1972). The state's concession would have been correct under former AS 12.55.145(a)(2). That statute required comparison of the elements of prior felony offenses with current law, whether the felonies occurred in Alaska or elsewhere. *See Wasson v. State,* 652 P.2d 117 (Alaska App. 1982). However, in 1982, AS 12.55.145 was amended to provide that prior felony convictions should be compared with Alaska law as it existed at the time the felony was committed in determining whether a prior felony should be counted as such under current law. It appears that receiving or concealing stolen property was a felony under Alaska law in 1978 without regard to the value of the property. *See* former AS 11.20.350. Consequently, Bumpus' 1978 Alaska conviction was properly considered in connection with an aggravator in this case.