Jesus A. MARIN, Appellant,

v.

STATE of Alaska, Appellee.

No. A–556.

Court of Appeals of Alaska.

May 17, 1985.

Joseph A. Kalamarides, Kalamarides & MacMillan, Anchorage, for appellant.

Leonard M. Linton, Chief Asst. Dist. Atty., Victor C. Krumm, Dist. Atty., Anchorage, and Norman C. Gorsuch, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

COATS, Judge.

Jesus A. Marin was convicted, based upon his plea of no contest, of two counts of misconduct involving a controlled substance in the third degree, AS 11.71.-030(a)(1). Judge Ralph E. Moody sentenced Marin to six years with two years suspended on each count and made those sentences consecutive. Marin's total sentence was therefore twelve years with four suspended. Marin appeals his sentence to this court. We reverse.

Marin was convicted of delivering one kilogram (2.2 pounds) of cocaine to Alexander Resek on September 6, 1983. Marin was also convicted for being in possession of 6.2 pounds of cocaine with intent to deliver on September 10, 1983. The circumstances surrounding this case indicate that Marin was dealing in large amounts of money and delivering large quantities of cocaine to Alexander Resek on a regular basis.[1] Marin, however, at sentencing described himself as a courier of drugs who did not own the drugs or the money. The prosecutor did not appear to disagree. The prosecutor pointed out that Marin had $250 in an Anchorage bank, $800 in New York, and drove a 1982 Toyota. He argued that Marin was a part of a large drug operation. In sentencing Marin, Judge Moody indicated that he did not care whether Marin was a "a big guy or a little guy" as far as his involvement in the sale of cocaine. Judge Moody reasoned that it was necessary to impose a severe sentence to deter people from involving themselves in the cocaine trade.

As a starting point for our analysis we note that Marin is thirty-nine and has no record of prior convictions. Misconduct involving a controlled substance in the third degree is a class B felony. AS 11.71.-030(c). The presumptive sentence for a second felony offender is four years. AS 12.55.125(d)(1). In *Austin v. State*, 627 P.2d 657, 657–58 (Alaska App.1981), we indicated that "[n]ormally a first offender should receive a more favorable sentence than the presumptive sentence for a second offender. It is clear this rule should be violated only in an exceptional case." We have recently decided two cases involving first felony offenders where we found that sentences somewhat in excess of four years were appropriate. *Stuart v. State*, 698 P.2d 1218 (Alaska App.1985); *Lausterer v. State*, 693 P.2d 887 (Alaska App.1985). In *Stuart* we reduced sentences totaling twelve years with six suspended to six years with two suspended. In *Lausterer* we found that a sentence of six years with two suspended was not clearly mistaken. These cases seem to provide a good standard of comparison with the current case. Neither Lausterer nor Stuart had prior convictions. Both were dealing in large quan-

---

1. The prosecutor indicated at sentencing that Alexander Resek was paying $55,000 per kilogram for the cocaine. He also pointed out that the police found $80,000 in cash in the safe in which they seized the 6.2 pounds of cocaine.

tities of cocaine.[2] The quantities of cocaine with which Marin was involved were larger than the quantities with which Lauster and Stuart were involved. Had he been an owner of the drug business with which he was involved, the sentence imposed might have been justified. However, we think it is clear that "the precise nature and extent of the defendant's participation in the offense" is critical. *Lausterer v. State*, 693 P.2d at 891. From the record in this case it appears that Marin was more properly classified as a courier of drugs and a low level employee rather than a "titan of the narcotics business." *Waters v. State*, 483 P.2d 199, 201 (Alaska 1971). Marin's involvement appears to us to be somewhat similar to that of Stuart and Lausterer, and we conclude that he should receive a similar sentence.[3] We therefore find that Marin's sentence was clearly mistaken. *McClain v. State*, 519 P.2d 811, 813–14 (Alaska 1974). We remand to the trial court to impose a total sentence not exceeding six years with two suspended. We consider this to be a substantial sentence because it is somewhat in excess of the four-year presumptive sentence which the legislature established for a second felony offender. However, we believe that a substantial sentence is justified by the quantity of drugs and the amount of money with which Marin was dealing.[4] However, we do not see Marin as a "titan of the narcotics business." He appears to be more of a courier of drugs. We therefore conclude that a substantial deviation above the four-year period which the legislature established as the presumptive sentence for a second felony offender is not justified.

REVERSED and REMANDED.

**2.** In *Lausterer v. State*, 693 P.2d at 891, we defined a "large quantity" of cocaine as follows:

> Obviously no single definition would be appropriate for all substances in all contexts. Our consideration of the case law and our experience in reviewing appeals in drug cases suggests that, insofar as cocaine is concerned, it would normally be unrealistic to consider sale or possession for sale of less than an ounce to involve a large quantity. Offenders dealing with cocaine in such quantities may be likened to retailers. *See, e.g., Waters*, 483 P.2d at 201. On the other hand, it would ordinarily be appropriate to regard eight ounces or more of cocaine as a large quantity ... one that is indicative of commercial activity at the wholesale level. Finally, cases involving an ounce or more but less than eight ounces of cocaine comprise a fairly large middle ground and may be characterized as falling somewhere between clearly retail and clearly wholesale. [Footnote omitted.]

AS 12.55.155(c)(25) provides that a presumptive sentence may be adjusted upward because of the presence of an aggravating factor when "the defendant is convicted of an offense specified in AS 11.71 [any offense involving controlled substances] and the offense involved large quantities of a controlled substance."

**3.** We do not think it is significant that Marin was convicted of two charges. In *Stuart v. State*, 698 P.2d 1218, 1224 (Alaska App.1985), in comparing Stuart, who had been convicted of three offenses, with Lausterer, who had been convicted of one offense, we said:

> The only difference between Stuart's case and Lausterer's is that Stuart was convicted of three separate offenses. In the context of an ongoing drug business, we do not think this distinction sufficient to warrant additional time. In *Lausterer*, we made it clear that it was only the defendant's substantial involvement in the commercial sale of cocaine that warranted the sentence he received. In context, multiple charges serve only to validate the conclusion that the person making the sales is involved in the commercial distribution of cocaine and to establish the scope of the illegal enterprise. We believe that the supreme court's admonition that in evaluating consecutive sentences one must look to the total sentence imposed is particularly applicable to drug offenses.

**4.** We recognize that a defendant who receives a presumptive sentence is not eligible for parole. AS 33.15.180(a). However, whether and when someone will be paroled is speculative and we have therefore given this factor little weight when we compare whether a four-year presumptive sentence is more severe than a four-year sentence where the prisoner is eligible for parole. *See Kelly v. State*, 622 P.2d 432, 436–38 (Alaska 1981).