**Errol RESEK, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A–684.**

Court of Appeals of Alaska.

Aug. 21, 1985.

shall be the judge of the relevancy and materiality of the evidence offered).

**464**

James C. Merbs, Anchorage, for appellant.

Leonard M. Linton, Jr., Chief Asst. Dist. Atty., Victor C. Krumm, Dist. Atty., Anchorage, and Norman C. Gorsuch, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

COATS, Judge.

Errol Resek was convicted, based upon his plea of no contest, of four counts of misconduct involving a controlled substance in the third degree, AS 11.71.-030(a)(1). Judge Ralph E. Moody sentenced Resek to eight years with three years suspended on each count, and ordered the sentences to be served concurrently. Judge Moody also ordered Resek to pay a fine of $5,000 and to perform 150 hours of community service per year of probation. Resek appeals this sentence as excessive. We affirm.

At the time of this offense Resek was forty-two years old and had no prior convictions. Resek points out that misconduct involving a controlled substance in the third degree is a class B felony and that the presumptive sentence for a second felony offender convicted of a class B felony is four years. AS 12.55.125(d)(1).

In *Austin v. State*, 627 P.2d 657–58 (Alaska App.1981), we stated that "[n]ormally a first offender should receive a more favorable sentence than the presumptive sentence for a second offender. It is clear this rule should be violated only in an exceptional case." Thus Resek's sentence can be justified only if the trial judge could properly find that this was an exceptional case. Furthermore, in *Stuart v. State*, 698 P.2d 1218, 1223 (Alaska App. 1985), we found that a sentence of twelve years with six years suspended was excessive for a person who we found was properly classified as among "the most serious category of drug dealers, those who are engaged in smuggling or sale of large quantities of narcotics or possession of large quantities for sale." Noting Stuart's good record and favorable prospects for rehabilitation, we ordered Stuart's sentence reduced to six years with two years suspended. *See also Marin v. State*, 699 P.2d 886 (Alaska App.1985); *Lausterer v. State*, 693 P.2d 887 (Alaska App.1985). Since Resek's sentence exceeds Stuart's to some degree, we must find that Judge Moody could properly find that his offense was more aggravated than Stuart's.

Judge Moody found that Errol Resek was integrally involved in a major drug organization which was run by his brother, Alex Resek. Judge Moody found that this organization was importing substantial quantities of cocaine on a regular basis. The presentence report described this organization as "the largest cocaine operation in the history of the State of Alaska." Errol Resek's role involved the storage and processing of large amounts of cocaine in his home and at his place of work. According to the presentence report, Errol Resek "helped prepare it for sale, collected money for cocaine sales, and frequently transported it." [1] Judge Moody found that Errol Resek's offense was the worst type of offense although he did not find that Errol Resek was the worst type of offender.

---

1. The prosecutor represented that the drug organization run by Alex Resek imported approximately one kilogram (2.2 pounds) of cocaine into Anchorage each week. Judge Moody appears to have accepted this representation as accurate.

Given Judge Moody's findings that Errol Resek was substantially involved in this major drug organization and the fact that his findings are supported by substantial evidence, we conclude that Errol Resek's offense constitutes an exceptional case and that a sentence slightly in excess of the one which we permitted in *Stuart* can be justified. From Judge Moody's findings we conclude that Errol Resek was more seriously involved in the distribution of cocaine than Stuart. We therefore find that the sentence was not clearly mistaken. *McClain v. State*, 519 P.2d 811, 813–14 (Alaska 1974).

The sentence is AFFIRMED.