**Robert A. BRANDENBURG, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A–620.**

Court of Appeals of Alaska.

Sept. 13, 1985.

---

---

Richard L. McVeigh, McVeigh & Melaney, Anchorage, for appellant.

Rhonda F. Butterfield, Asst. Dist. Atty., Victor C. Krumm, Dist. Atty., Anchorage, Norman C. Gorsuch, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

BRYNER, Chief Judge.

Robert A. Brandenburg pled *nolo contendere* to one count of misconduct involving a controlled substance (cocaine) in the third degree, in violation of AS. 11.71.-030(a)(1). Superior Court Judge J. Justin Ripley sentenced Brandenburg to eight years' imprisonment, with three years suspended. Brandenburg appeals, contending that his sentence is excessive. We affirm.

## THE OFFENSE

On August 22, 1983, Mark Flechsing, an undercover agent of the Metropolitan Drug Unit accompanied Alexander Resek, Sr., to the Anchorage residence of Robert Brandenburg. Resek told Flechsing that Brandenburg was his best customer, buying a pound of uncut cocaine from him every week to ten days. Resek said that he had to "talk some business with Brandy." At Brandenburg's house, Flechsing heard Resek and Brandenburg agree that they would "take care of all our business" before Brandenburg left town at the end of the week. As Resek and Flechsing left the house, Resek stated that nobody else in town gets the quality of cocaine that Brandenburg does.

That same day at Resek's apartment, Resek and Flechsing weighed out a one-pound bag and a five-ounce bag of cocaine, and returned to Brandenburg's house. While Flechsing remained in the car, Resek met Brandenburg on the porch. Brandenburg directed F.R., a seventeen-year-old juvenile, to get the cocaine from the car. Brandenburg went inside the house with Resek. F.R. picked up the cocaine and took it to someone inside the house. When Resek returned to the car, he brought back the five-ounce bag of cocaine but not the one-pound bag.

On September 10, 1983, the police served a search warrant on Brandenburg's residence. They found one-half ounce of cocaine, a bag of white powder marked "ground-cut," a set of scales, several address books and a ledger book. The ledger book had a page marked *"Brandy To"* and showed a transaction involving $32,000 on August 21. Resek had previously told Flechsing that the cost of a pound of cocaine was $33,500. The ledger also showed transactions involving similar amounts on June 15, July 1, and August 13.

F.R. later told the police that she had lived with Brandenburg and his girlfriend since February 1983 as their babysitter and housekeeper. She said that Brandenburg sometimes used her to take messages and deliver cocaine to customers. F.R. also stated that Brandenburg took cocaine south to Seattle and/or California. F.R. herself took approximately two ounces, concealed in her boots, to Brandenburg's son in Washington. According to F.R., on three occasions when Brandenburg left the state, he asked her to take over the business. On both the first and second occasions, F.R. sold approximately one-half pound of cocaine, all that Brandenburg had left with her. On the third occasion, Brandenburg left F.R. with one and one-half pounds of cocaine; she sold one-half pound and the other pound was stolen. F.R. further indicated that Brandenburg did not deal cocaine in gram amounts; rather, he sold in one ounce, half ounce, quarter-ounce and eighth-ounce quantities.

## THE OFFENDER

Brandenburg, forty-six years old at the time of sentencing, had one prior misdemeanor conviction for shoplifting in 1980. Brandenburg has not worked a regular job

since coming to Alaska in 1981, but he does apparently own a tavern in Twisp, Washington. Brandenburg stated that some of his income is from the tavern's operation but most derives from card-playing. He stated that since the death of.his second wife in 1984, he has been depressed and has had to seek medical attention. Brandenburg has four adult children. He was recently remarried.

## DISCUSSION

Brandenburg argues that the sentence he received, eight years with three years suspended, is excessive compared to sentences approved for similar drug offenses involving first offenders. However, the cases relied on by Brandenburg are distinguishable, since they involved either substantially smaller quantities of cocaine or isolated incidents of misconduct. *See, e.g., Kelly v. State,* 622 P.2d 432, 439–40 (Alaska 1981); *Leduff v. State,* 618 P.2d 557, 558 (Alaska 1980); and *Rosa v. State,* 633 P.2d 1027, 1031–33 (Alaska App.1981).

Moreover, these cases involved sentences imposed under prior law. Under current law, misconduct involving a controlled substance in the third degree is a class B felony, punishable by a maximum sentence of ten years' imprisonment. AS 11.71.-030(c); AS 12.55.125(d). Presumptive terms of four and six years are prescribed for second- and third-felony offenders. AS 12.55.125(d)(1), (2). As a first-felony offender, Brandenburg was not subject to a presumptive term.

In *Austin v. State,* 627 P.2d 657, 657–58 (Alaska App.1981), we held that, "[n]ormally a first offender should receive a more favorable sentence than the presumptive sentence for a second offender. It is clear this rule should be violated only in an exceptional case." More recently, however,

in *Lausterer v. State,* 693 P.2d 887, 892 (Alaska App.1985), we indicated that although

> the amount of drugs involved in an offense is only one of several factors relevant to sentencing in a drug case ... the amount of cocaine involved here [more than half a pound] renders this case sufficiently aggravated to permit, without violating the principles of *Austin,* the imposition of an unsuspended term of four years, an amount equal to the second offense presumptive sentence for a class B felony. [Footnote omitted.]

*See also Stuart v. State,* 698 P.2d 1218 (Alaska App.1985); *Marin v. State,* 699 P.2d 886 (Alaska App.1985). In *Lausterer, Stuart* and *Marin* we approved imposition of additional two-year suspended terms, for total sentences of six years with two years suspended.[1] *See also Resek v. State,* 705 P.2d 463 (Alaska App.1985).

Brandenburg's offense is similar in nature to the offenses involved in *Lausterer* and *Stuart,* except for two significant differences. First, Brandenburg appears to have been involved in selling larger amounts of cocaine over a longer period of time than either Lausterer or Stuart.[2] Second, and by far the most significant consideration, is that Brandenburg employed a seventeen-year-old girl as an active and integral part of his illicit drug dealings. The minor's participation was not an isolated incident, but rather continued over a protracted period of time and extended to virtually all aspects of Brandenburg's operation. *Cf.* AS 11.71.010(a)(2) and AS 12.-55.125(b) (classifying delivery of cocaine to a person under nineteen years of age, who is at least three years younger than the person delivering the substance, as an unclassified felony punishable by a definite

1. *See* AS 12.55.155(c)(25) (providing that a statutory presumptive sentence may be adjusted upward when "the defendant is convicted of an offense specified in AS 11.71 and the offense involved large quantities of a controlled substance").

2. While it may be argued that Brandenburg trafficked in significantly smaller quantities of cocaine than were involved in *Marin,* it is clear that, unlike the situation in *Marin,* Brandenburg was not merely a drug courier; rather, he was intimately involved as the principal participant in an ongoing course of illegal drug sales.

term of imprisonment of at least five years but no more than 99 years).

These factors, we believe, render this case a particularly egregious first offense and serve to justify a sentence exceeding the total of six years with two years suspended that we approved in *Lausterer* and *Stuart*. Having reviewed the entirety of this sentencing record, we conclude that Brandenburg's sentence of eight years with three years suspended is not clearly mistaken.[3]

The sentence is AFFIRMED.

---

**3.** We find no merit to Brandenburg's separate argument that Judge Ripley failed to give adequate consideration to all applicable sentencing goals. *See State v. Chaney,* 477 P.2d 441, 443–44 (Alaska 1970).