OPINION
COATS, Judge.
Donald J. McPherson was convicted by a jury of one count of misconduct involving a controlled substance in the first degree (sale of cocaine to a minor), an unclassified felony and four counts of misconduct involving a controlled substance in the third degree (sale of marijuana to a minor). McPherson had two prior felony convictions and was therefore subject to sentencing as a third felony offender. Superior Court Judge Karl S. Johnstone sentenced McPherson to 20 years of imprisonment on the conviction for sale of cocaine to a minor. He imposed concurrent six-year sentences on the convictions for sale of marijuana to minors. McPherson appeals his conviction and sentence. We affirm McPherson’s conviction but reverse his sentence.
McPherson was indicted, along with several co-defendants, after a joint investigation by military investigators and the Anchorage Poliee Department, for drug dealing at Jack’s Arcade. The military had received reports that soldiers had purchased illegal drugs there, and the Anchorage Police Department was already conducting its own investigation of possible drug sales to minors at the arcade. McPherson claims that the military’s participation in this investigation constituted a violation of the Posse Comitatus Act, 18 U.S.C. § 1385 (1988), and therefore requires reversal of his conviction. We disagree. First, we are in agreement with the trial judge that no violation of the Act occurred. We believe that there was a valid military purpose in investigating drug transactions at Jack’s Arcade when there was evidence that military personnel had participated in transactions there. We also note that the military investigator’s role was limited, and that military authorities sought and obtained prior authorization from their superiors before participating in the investigation. See Moon v. State, 785 P.2d 45, 48 (Alaska App.1990). Moreover, as we indicated in Moon, we believe that it would be inappropriate to apply the exclusionary rule in this case even if there had been a violation of the Posse Comitatus Act. Id.
McPherson also complains that evidence of other uncharged crimes and bad acts was improperly admitted against him. He contends that the state failed to make prior applications to the court before eliciting testimony about juveniles using illegal drugs in and around Jack’s Arcade, other instances of McPherson selling drugs to juveniles, and McPherson using cocaine at the arcade. However, there was no objection to this testimony and McPherson has not argued that it was plain error for Judge Johnstone to have allowed its admission.
McPherson did not object after the state presented testimony by a military investigator that he had never seen McPherson refuse to sell narcotics to a juvenile who was willing to buy. McPherson immediately moved for a mistrial. Judge Johnstone agreed that the testimony was improper, but he did not believe that a mistrial was warranted. However, he warned the state that he would seriously consider granting such a motion if the state introduced any other objectionable matter without making a prior application to the court, and he directed defense counsel to prepare an appropriate cautionary jury instruction. The jury was apparently later instructed that
*930 [any] testimony that the defendant may have sold marijuana to others or that other people purchased marijuana at Jack’s Arcade in the defendant’s presence ... is not to be considered by you for any purpose. It is not relevant to the issue of whether the defendant sold marijuana or cocaine to the confidential informant as charged in the indictment.
We recognize that the Alaska Rules of Evidence greatly restrict the admission of prior bad acts against a defendant. See Alaska Evidence Rule 404(b); Lerchenstein v. State, 697 P.2d 312, 315-16 (Alaska App.1985). However, the question of whether to grant a mistrial as a result of improper evidence is committed to the sound discretion of the trial judge. A cautionary jury instruction is often an appropriate remedy. As we stated in Brown v. State, 693 P.2d 324, 327 (Alaska App.1984) (citations omitted):
The trial court is vested with broad discretion to determine whether a mistrial should be granted, because that court has the opportunity to hear the tainted evidence as it is presented and to observe the impact it has on the jury. When the court withdraws improper evidence from the jury’s consideration and cautions the jury to disregard it, the cautionary instruction is “presumed to cure any error which may have been committed....”
See also Peschel v. State, 770 P.2d 1144, 1150 n. 3 (Alaska App.1989). Thus, we find no error in Judge Johnstone’s refusal to grant a mistrial.
McPherson next argues that his sentence of twenty years imprisonment for sale of cocaine to a minor was excessive. The offense in question involved the sale of approximately two grams of cocaine to a police informant who was under the age of nineteen and was at least three years younger than the defendant. McPherson was twenty-five years old at the time of the offense; the informant was one month less than the age of nineteen at the time of the sale. The undercover informant told McPherson that he was under nineteen, was in the military and buying drugs for the purpose of celebrating his nineteenth birthday.
McPherson had been convicted of two prior felonies. McPherson’s first conviction was in 1986 for burglary in the first degree and theft in the second degree. He received a suspended imposition of sentence on this offense. In 1987, he was convicted of assault in the third degree. He was given a two-year presumptive sentence for this offense.
Judge Johnstone’s findings in sentencing McPherson on the class B felonies for sale of marijuana to minors are relevant for analyzing the sentence for the sale of cocaine to a minor. As a third felony offender, McPherson faced a presumptive sentence of six years on those felonies. It is uncontested that McPherson’s offenses were aggravated because, at the time of the offense, McPherson was on probation or parole on one of his former felony charges. AS 12.55.155(c)(20). However, Judge Johnstone found that the marijuana offenses were mitigated on two grounds. First, Judge Johnstone found that each of the four offenses involved the sale of a small quantity of the controlled substance. AS 12.55.155(d)(14). He also concluded that “the conduct constituting the offense was among the least serious conduct included in the definition of the offense.” AS 12.55.155(d)(9). In particular, Judge Johnstone emphasized the fact that McPherson made the sales to undercover agents who were very close to the age of nineteen. However, in sentencing McPherson, Judge Johnstone found that during the time McPherson worked at Jack’s Arcade, he made numerous sales of marijuana each day. Many of these sales were to young people, including some who were as young as fifteen years of age. Judge Johnstone therefore concluded that although McPherson’s offenses involving sale of marijuana to minors were mitigated to some extent, these offenses were also aggravated by the fact that McPherson was on probation and that he participated in numerous sales. Judge Johnstone imposed the presumptive six-year sentence on the convictions for sale of marijuana to minors.
*931 Judge Johnstone did not make any findings concerning any aggravating or mitigating factors which might apply to the conviction for sale of cocaine to a minor. Judge Johnstone pointed out that the offense of misconduct involving a controlled substance in the first degree, which includes the offense of sale of cocaine to a minor, is an unclassified felony with a maximum sentence of ninety-nine years of imprisonment and a minimum sentence of five years. AS 12.55.125(b). Presumptive sentencing and aggravating and mitigating factors do not directly apply to this offense. However, it is clear from Judge Johnstone’s findings that he found that McPherson’s offense of sale of cocaine to a minor was mitigated in certain respects. The sale of cocaine to a minor “involved small quantities of a controlled substance.” AS 12.55.155(d)(14). The sale involved two grams of cocaine. Judge Johnstone did not find that McPherson had participated in a pattern of cocaine sales similar to the finding he made on the sale of marijuana to minors. It also seems clear that Judge Johnstone concluded that McPherson’s “conduct constituting the offense was among the least serious conduct included in the definition of the offense.” AS 12.55.-155(d)(9). McPherson sold the cocaine to an undercover agent who appeared relatively mature and who was within a month of his nineteenth birthday.
In sentencing McPherson, Judge Johnstone pointed out that the legislature classified the offense of sale of cocaine to a-minor in the same category as second-degree murder. AS 12.55.125(b). He pointed out that this court has articulated that the typical sentence for a second degree murder falls within certain benchmarks. See Page v. State, 657 P.2d 850 (Alaska App.1983) (establishing a benchmark for a typical second degree murder of between twenty to thirty years). He stated that he believed that a benchmark sentence of between twenty to twenty-five years was appropriate for the offense of sale of cocaine to a minor. We certainly agree with Judge Johnstone that the legislature has established severe penalties for the offense of sale of cocaine to a minor and that we must give deference to the legislature’s authority to establish the appropriate punishment for a crime. See Nell v. State, 642 P.2d 1361 (Alaska App.1982). We cannot help but note that had McPherson been convicted of a class A felony, a lesser offense than the unclassified felony offense for which he was actually convicted, he would have faced a presumptive sentence of fifteen years of imprisonment as a third felony offender. AS 12.55.125.
However, we find that the approach which the Supreme Court of Alaska took in Pears v. State, 698 P.2d 1198 (Alaska 1985) supports the imposition of a sentence of less than twenty years. In Pears the defendant was convicted of two counts of second degree murder and one count of assault. Pears was driving while intoxicated, after receiving a warning from a police officer not to drive, when he sped through two red lights and collided with another vehicle, killing two of its occupants and injuring another. The trial judge sentenced Pears to a composite sentence of twenty years of imprisonment. This court affirmed Pears’ sentence, finding that his sentence was comparable to other sentences for second-degree murder. Pears v. State, 672 P.2d 903, 912 (Alaska App.1983). The majority of the supreme court compared Pears’ sentence to other manslaughter sentences. The supreme court concluded that Pears’ conduct was “generally similar to that of drunken drivers who had recklessly caused others to die.” Pears, 698 P.2d at 1202. The supreme court also pointed out that, in enacting the revised criminal code, the legislature did not express any intent to increase the penalty for reckless vehicular homicide. Id. at 1202-03. In McPherson’s case, the legislature did indicate an intent to impose severe penalties for sale of drugs to minors. However, we believe that it is appropriate to look at sentences in other cases involving the sale of drugs to determine whether McPherson’s sentence is excessive. In reviewing the reported cases, we find that few sentences for drug-related offenses ex *932 ceed ten years.[1] In general, none of the prior decisions seem substantially similar to McPherson’s case. However, it is fair to say that cases in which appellate courts have approved sentences of more than ten years were cases which involved truly exceptional offenses and offenders. We conclude that a sentence in excess of fifteen years of imprisonment, including any suspended time, is clearly mistaken. A sentence of fifteen years of imprisonment is equivalent to the presumptive sentence for a third felony offender convicted of a class A felony. We believe that this sentence gives due deference to the legislature’s classification of sale of cocaine to minors as a particularly serious offense. We believe that it also gives due deference to McPherson’s prior felony record and the fact that he was on probation or parole at the time of this offense and was engaged in a pattern of drug sales to minors. However we do not believe that a sentence in excess of fifteen years can be justified in light of McPherson's age, the small quantity of cocaine which he sold, and the age of the undercover agent to whom he sold. We also do not believe that a sentence in excess of fifteen years can be justified in light of prior sentences which other offenders have received for similar offenses. We accordingly find that the sentence which Judge Johnstone imposed was clearly mistaken. We remand to the trial acourt with directions to impose a sentence of not greater than fifteen years of imprisonment, including suspended time.
REVERSED and REMANDED.
BRYNER, C.J., concurring and dissenting.

. We have found two cases in this state where appellate courts have upheld sentences in excess of ten years of imprisonment. In Davis v. State, 577 P.2d 690 (Alaska 1978) the defendant was convicted of five counts of selling heroin and one count of possessing heroin. The supreme court upheld a composite sentence of twenty years of imprisonment. The court concluded that Davis was involved in the sale of substantial amount of heroin on a retail basis and that he was engaged in the heroin business for profit. Id. at 694. In upholding the sentence the court emphasized Davis’ "extensive prior criminal record.” Id. at 693. Although the court did not set out Davis’ prior record, the opinion suggests that Davis was an incorrigible offender with numerous prior felony convictions. In Resek v. State, 715 P.2d 1188 (Alaska App.1986), the defendant was sentenced for fifteen counts of misconduct involving a controlled substance in the third degree (sale of cocaine) and to one count of misconduct involving a controlled substance in the first degree (engaging in a continuing criminal enterprise). Resek ran a major drug operation which involved the importation of a kilogram of cocaine per week into Anchorage. At the time of the offense, Resek was on probation or parole for another conviction involving sale of cocaine. The trial judge imposed a composite sentence of forty years of imprisonment which we upheld.
Two other cases seem particularly relevant because they involve the transfer of drugs to minors. In Williams v. State, 743 P.2d 397 (Alaska App.1987) the defendants were convicted of sale of marijuana to minors and possession of psilocybin with intent to deliver to minors. Both offenses are class B felonies. One defendant had no prior record; the other had a prior misdemeanor conviction. The trial court imposed sentences of eleven years with five years suspended. This court, pointing out that the defendants’ conduct could actually have constituted an unclassified felony by selling psi-locybin to minors, upheld the sentence. In Brandenberg v. State, 705 P.2d 1331 (Alaska App.1985) the defendant was convicted of misconduct involving a controlled substance in the third degree (sale of cocaine), a class B felony. Brandenberg was a first felony offender. The trial judge imposed a sentence of eight years with three years suspended. This court upheld the sentence. We pointed out that Brandenberg was involved in selling relatively large amounts of cocaine over a long period of time. Id. at 1333. We emphasized that Brandenberg had employed a seventeen-year-old minor “as an active and integral part of his illicit drug dealings. The minor’s participation was not an isolated incident, but rather continued over a protracted period of time and extended to virtually all aspects of Brandenberg’s operation.” Id.