**STATE of Alaska, Petitioner,**

v.

**Donald J. McPHERSON, Respondent.**

**No. S–4294.**

Supreme Court of Alaska.

July 2, 1993.

John A. Scukanec, Asst. Atty. Gen., Office of Sp. Prosecutions & Appeals, Anchorage, and Charles E. Cole, Atty. Gen., Juneau, for petitioner.

Rex Lamont Butler, Anchorage, for respondent.

Before MOORE, C.J., RABINOWITZ, BURKE, MATTHEWS and COMPTON, JJ.

## OPINION

BURKE, Justice.

### I. *Introduction*

The State of Alaska petitions for hearing from the decision of the court of appeals reversing the trial court's sentence of twenty years imprisonment for defendant Donald J. McPherson.[1] The State challenges the court of appeals' decision to remand the case for resentencing not to exceed fifteen years of imprisonment, including suspended time. We reverse and remand for resentencing. We do not place a maximum length of term on the sentence or express a view that 15 years is necessarily an acceptable term of imprisonment.

### II. *Facts and Proceedings*

In July, 1988, Donald J. McPherson was indicted for drug dealing at Jack's Arcade. During his first week on the job at Jack's, McPherson sold drugs to an 18–year–old undercover informant on five different occasions. Four transactions involved the sale of marijuana (one gram each time) and the fifth involved the sale of two grams of cocaine. McPherson was twenty-five years old when he committed the offenses.

This was not McPherson's first encounter with the law. McPherson previously served three years probation for two felonies, burglary in the first degree and theft in the second degree. During his first year of probation, McPherson was convicted of another felony, assault in the third degree. For this offense, he served a two year presumptive term. Although he completed an alcohol recovery program during his

sentence, McPherson resumed alcohol and drug use shortly after his release. After submitting a positive urinalysis for cocaine, McPherson was returned to custody on July 1, 1988. McPherson was on work release for the third degree assault conviction when he was charged with the present offenses.

A jury convicted McPherson of one count of misconduct involving a controlled substance in the first degree (sale of cocaine to a minor), an unclassified felony. McPherson was also convicted of four counts of misconduct involving a controlled substance in the third degree (sale of marijuana to a minor). Because of his two previous felony convictions, the trial court considered McPherson a third felony offender for sentencing purposes.

The court sentenced McPherson to twenty years imprisonment for the sale of cocaine to minors. This sentence was based upon a benchmark of twenty to twenty-five years. Judge Johnstone established this benchmark after first acknowledging that he did not "know the benchmark in this type of case." Additionally, Judge Johnstone sentenced McPherson to concurrent six-year terms for each count of misconduct involving the sale of marijuana to minors.

The court of appeals affirmed McPherson's conviction but reversed his sentence. The court of appeals found that Judge Johnstone's sentence was "clearly erroneous" and remanded the case to the trial court with directions to impose a sentence of not greater than fifteen years imprisonment including suspended time. *McPherson v. State*, 800 P.2d 928, 932 (Alaska App.1990).

### III. *Discussion*

■■■ The sentence imposed by a trial court should be affirmed unless it is clearly mistaken. *State v. Wentz*, 805 P.2d 962, 965 (Alaska 1991). We hold that the trial judge erred in this case by creating and

---

**1.** We granted the State's petition for hearing, with Justice Matthews dissenting, on March 12, 1991.

then relying on a benchmark of twenty to twenty-five years imprisonment for an unclassified felony. The trial judge established a benchmark of twenty to twenty-five years in an arbitrary manner and failed to provide a supporting rationale in his memorandum decision. While the trial court then correctly applied the *Chaney*[2] criteria to find the appropriate sentence, the result is clearly erroneous because it is founded on the assumption of an arbitrary benchmark.[3] AS 12.55.005; *State v. Chaney*, 477 P.2d 441 (Alaska 1970).

■ While we agree with the court of appeals that the case must be remanded for resentencing, we do not agree that a twenty year sentence is necessarily excessive. To support its conclusion that McPherson's sentence could not exceed fifteen years, the majority below compared the facts of the present case with prior, dissimilar case law. *McPherson*, 800 P.2d at 931–32 and n. 1. Here, the court of appeals erred. In reviewing the reasonableness of a particular sentence, the appropriate touchstone is not unrelated case law. Rather, the appellate court should adhere to the "clearly mistaken" test. As we noted in *State v. Bumpus*, 820 P.2d 298, 305 (Alaska 1991) (quotation omitted), this

> implies a permissible range of reasonable sentences which a reviewing court, after an independent review of the record, will not modify...." Although 'permissible range of reasonable sentences' has never been precisely defined, it is obviously a function in any particular case of such considerations as the presence of aggravating factors, the psychological make-up of the defendant, the need for isolation, and the sentences imposed in comparable cases....

Further, as we noted in *State v. Wentz*, 805 P.2d 962, 965 (Alaska 1991), the "particular

facts of the individualized case [must be examined] in light of the total range of sentences authorized by the legislature for the particular offense."

■ Using this method, we find that a twenty-year sentence in this case is not necessarily excessive. The statute regarding misconduct involving a controlled substance in the first degree provides a sentencing range of five to ninety-nine years. AS 11.71.010(c); AS 12.55.125(b). A review of McPherson's acts in the present case alone support a sentence closer to that of the statutory minimum. However, McPherson was not a first time offender. He has two prior felony convictions. In fact, he was still on work release from his most recent conviction when he committed the present offense. Further, there is insufficient prior case law concerning the unclassified felony offense of sale of cocaine to a minor for a reviewing court to determine, in the first instance, what the appropriate maximum sentence should be. In light of these considerations, the trial court's twenty year sentence is not necessarily excessive.

We agree with dissenting Chief Judge Bryner that, "[a]t this juncture, ... it [is] premature to declare either that a twenty-year sentence would necessarily be excessive or that a fifteen-year sentence would necessarily be acceptable." *McPherson*, 800 P.2d at 935. Rather than dictate a sentence, we prefer to let the trial court determine the sentence, using the standard articulated in this opinion. *See State v. Graybill*, 695 P.2d 725, 729 (Alaska 1985) (trial court has primary responsibility to determine appropriate sentence); *Bumpus*, 820 P.2d at 305; *Wentz* 805 P.2d at 965.

That portion of the court of appeals' opinion which directs the trial court to impose a sentence of not greater than fifteen

---

2. In considering the *Chaney* factors, Judge Johnstone concluded that McPherson was a "very poor candidate for rehabilitation," that a substantial sentence was necessary to deter McPherson and others from selling drugs to minors, and that a lengthy term was necessary to isolate McPherson to protect the public. Judge Johnstone also found that McPherson had a willingness to sell drugs to minors. He found

that McPherson, while working at the arcade, made 50–70 sales of marijuana per day to juveniles as young as fifteen years old.

3. Benchmarks must be based on "past sentencing decisions dealing with similarly situated offenders." *McPherson* at 933 (Bryner, C.J., dissenting).

years of imprisonment, including suspended time, is REVERSED. The case is REMANDED for resentencing without a limiting direction as to maximum length of sentence.

MATTHEWS, Justice, with whom RABINOWITZ, Justice, joins dissenting.

The opinion of the court of appeals is in accordance with the applicable statutes and case law, and, in my view, correctly resolves this case. I would, therefore, affirm the court of appeals.